IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EDWARD TYRONE RIDLEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 5:07-CV-265 (CAR) |
| | : | |
| ANDY SELLERS, | : | |
| | : | |
| Defendant | : | **ORDER** |

Plaintiff **EDWARD TYRONE RIDLEY**, an inmate at the Central Probation Detention Center in Cadwell, Georgia, has filed a *pro se* "Petition for Writ of Mandamus."

## *I.  REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S REQUESTS

Plaintiff requests this Court to direct Warden "Andy Sellers to immediately refrain from selling tobacco products illegally at Central Probation Detention Center." In a separate "Consolidated Motion for a Writ of Mandamus," plaintiff requests the Court "order Andy Sellers to allow unlimited access to the Courts" and have his staff refrain from reading incoming mail.

The Court has no authority to issue a mandamus in this case. Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr*., 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth*., 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.).

For these reason, plaintiff's action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 25th day of July, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb